**The relief described hereinbelow is SO ORDERED.**

**Signed January 25, 2022.**

```
                                    _____
                                    H. CHRISTOPHER MOTT
                                    UNITED STATES BANKRUPTCY JUDGE
```

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ADVANCE TRANSPORTATION § | Case No. 21-30906-hcm |
| SERVICES INCORPORATED, § | Chapter 11 |
| § | |
| Debtor. § | |

**AGREED ORDER ON SCOT PROPERTIES, LTD.'S (1) MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACT and (2) MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)**

Came on this day to be considered the (1) Motion to Compel Debtor to Assume or Reject Executory Contract [Dkt #27] and (2) Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. Section 362(d) [DKt #47] filed by Scot Properties, Ltd. ("Scot"), a creditor and party in interest herein. The Parties appeared through their respective counsel and represented to the Court that all matters in controversy had been resolved by compromise and requested that the Court enter the following Agreed Order (the "Agreed Order"). The Court reviewed the pleadings and determined that notice was proper and, after considering the stipulations of the Parties as contained in this Agreed Order, makes the following findings:

{1522.65/HDAV/06875953.1}

1. The Debtor initiated this proceeding by filing its Petition for Relief under Chapter 11 of the United States Bankruptcy Code on November 30, 2021, in the United States Bankruptcy Court for the Western District of Texas, El Paso Division (the "Petition Date").

2. On the Petition Date, the Debtor was a party to a Lease Agreement by and between Scot Properties, Ltd. and Advanced [sic] Transportation Services, Inc. dated March 6, 2018, as amended by a Frist Lease Amendment dated January 30, 2020 and a Second Lease Amendment dated March 1, 2021 (collectively, the "Lease") for the nonresidential real property located at 1477 Lomaland, El Paso, Texas (the "Leased Premises").

3. Prior to the filing of this Chapter 11, the Debtor had defaulted under the terms of the Lease. Specifically, the Debtor failed to make its monthly Lease and CAM payments for October and November 2021 in the total amount of $13,571.03 (the "Arrearages").

4. The Debtor has paid Scot the amount of $9,453.74 for the months of December 2021 and January 2022.

5. The Debtor and Scot have agreed that the Debtor shall remain in the Leased Premises and pay Scot monthly rent in the amount of $2,992.87 per month plus taxes, insurance, and common area maintenance ("CAM") charges in the amount of $1,734.00 monthly payable in accordance with the terms of the Lease, as amended (the "Regular Monthly Payment") beginning February 1, 2022.

6. In addition, beginning on February 4, 2022, and continuing each week thereafter, the Debtor shall make weekly payments in the amount of $500.00 to Scot to cure the defaults under the Lease until the Debtor has paid the amount of the Arrearages under the Lease in the amount of $13,571.03 in order to make Scot whole for pre-petition rent (the "Cure Payment").

7. The Court finds that the agreement as recited above is proper and should be approved.

It is therefore,

{1522.65/HDAV/06875953.1}

**ORDERED, ADJUDGED AND DECREED** that the Debtor shall remain in the Leased Premises and, beginning February 1, 2022, pay Scot the Regular Monthly Payment in the amount of $2,992.87 per month plus taxes, insurance, and common area maintenance ("CAM") charges in the amount of $1,734.00 monthly payable in accordance with the terms of the Lease, as amended. It is further,

**ORDERED, ADJUDGED and DECREED** that beginning February 4, 2022, and continuing each week thereafter, the Debtor shall make weekly payments in the amount of $500.00 to Scot to cure the defaults under the Lease until the Debtor has paid the amount of the Arrearages under the Lease in the amount of $13,571.03 in order to make Scot whole for pre-petition rent. It is further,

1. **ORDERED, ADJUDGED and DECREED** that in the event the Debtor fails to make the Regular Monthly Payment or the Cure Payment to Scot as provided under the terms of this Agreed Order, then Scot shall provide written notice via regular mail to the Debtor and its attorney (the "Notice of Default") via first class mail. In the event the Debtor fails to cure the arrears or default within ten days of the date of the Notice of Default, then the automatic stay will terminate without any further notice or order of this Court and Scot may proceed with the eviction of the Debtor from the real property and improvements located at 1477 Lomaland, El Paso, Texas. The Debtor is only permitted two delinquencies. If the Debtor allows the post-petition Regular Monthly Payment or the Cure Payment to become delinquent a third time, then the stay will terminate without any further notice or order of this Court and Scot may proceed with the eviction of the Debtor from the real property and improvements located at 1477 Lomaland, El Paso, Texas. It is further,

2. **ORDERED, ADJUDGED and DECREED** that the Court will retain jurisdiction of this matter in order to enforce the provisions of this Agreed Order. The terms of this Agreed Order will remain binding and survive upon conversion to any Chapter of the Bankruptcy Code, including any proceeding under Chapter 7.

{1522.65/HDAV/06875953.1}

**AGREED AS TO FORM:**

_____
E.P. Bud Kirk
Attorney for Debtor


_____
Harrel L. Davis
Attorney for Scot Properties, Ltd.


**Order prepared by:**
Harrel L. Davis
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa, Ste. 100
El Paso, Texas 79912
(915) 545-1133/(915) 545-4433 (Facsimile)
hdavis@eplawyers.com

{1522.65/HDAV/06875953.1}